**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD BRYANT and WILDA BRYANT,**

        **Plaintiffs,**

-vs-                              **Case No.  6:06-cv-844-Orl-31DAB**

**ZIMMER, INC., ZIMMER TRABECULAR METAL TECHNOLOGIES, and PRECISION ORTHOPEDICS,**

        **Defendants.**

# ORDER

The Plaintiffs, Richard and Wilda Bryant (the "Bryants")  move under 28 U.S.C. § 1447 to remand this case to state court (Doc. 15).  Defendants Zimmer, Inc. ("Zimmer") and Zimmer Trabecular Metal Technologies ("Zimmer Metal") filed a memorandum in opposition (Doc. 28).

Defendant Precision Orthopedics ("Precision"), which has not yet appeared in this action, is a non-diverse defendant.  Zimmer and Zimmer Metal, both of which are diverse from the Bryants, contend that Precision was fraudulently joined because the Bryants cannot state a viable claim against Precision under Florida law.

The Bryants ostensibly assert a claim against Precision for "conversion" of the allegedly defective shoulder component.  However, it is clear that the true basis for their claim is third-party spoliation.[1]  According to the movants, under Florida law such a claim is premature and subject to

---

[1] First-party spoliation claims are claims in which "the defendant who allegedly lost, misplaced, or destroyed the evidence is also a tortfeasor in causing the plaintiff's injuries or damages." *Martino*

dismissal until the underlying lawsuit is resolved.  In support of this proposition, they cite *Jost v. Lakeland Regional Med. Ctr., Inc.*, 844 So.2d 656, 658 (Fla. 2d DCA 2003), in which the court affirmed dismissal of a spoliation claim against a hospital's insurer, holding that it would not be ripe until the underlying medical malpractice case against the hospital had been completed.

However, at least some Florida courts have reached a different conclusion.  In *Miller v. Allstate Ins. Co.*, 650 So.2d 671, 673-74 (Fla. 3d DCA 1995), the Court held that where means exist to pursue the underlying products liability claim, that claim must be pursued prior to *or together with* a third-party spoliation claim.  And see *Kimball v. Publix Super Markets, Inc.*, 901 So.2d 293 (Fla. 2d DCA 2005) (in case where plaintiff was injured after being struck by electric shopping cart, trial judge abused discretion in refusing to allow her to amend complaint to add spoliation claim against Publix for losing name and contact information of non-party operator of cart).  For its part, the legal encyclopedia *Florida Jurisprudence* sides with the Third District, stating that "[f]or reasons of judicial economy, and to prevent piecemeal litigation , there is no reason to wait for final judgment in the underlying products liability lawsuit before bringing an action for the destruction of evidence claim.  A jury trying the concurrent claims in a single proceeding may be in the best position to determine issues of causation and damages."  41A Fla. Jur. 2d Products Liability § 145 (citing *Miller*).

---

*v. Wal-Mart Stores, Inc.*, 908 So.2d 342, 345 n.2 (Fla. 2005).  Florida law does not recognize a separate cause of action for first-party spoliation.  *Id.* at 347.  Third-party spoliation claims occur "when a person or an entity, though not a party to the underlying action causing the plaintiff's injuries or damages, lost, misplaced, or destroyed evidence critical to that action."  *Id.* at 345 n.2. The Bryants do not allege that Precision caused Richard Bryant's (medical) injury.

On a motion for remand, the burden of showing that subject matter jurisdiction exists rests with the party seeking removal. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). In a remand situation, for purposes of determining whether joinder was fraudulent, a district court need not predict how a state supreme court would resolve an apparent split between the state's appellate's courts. *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). Normally a district court sitting in diversity must ascertain and then apply the state law, no matter how difficult that task might be. *Id.* But when the district court must assess an allegedly fraudulent joinder, "'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law.'" *Id.* (quoting *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)). Further, arguable confusion in the applicable state law supports remand. *Id.*

In this case, the movants have failed to even address the existence of the appellate court split as to the proper timing for a spoliation claim. They have failed to meet their burden of demonstrating that there is not even arguably a reasonable basis for predicting that Florida law would permit a spoliation claim to proceed before the conclusion of the underlying case. As such, the Court must find that the joinder of Precision was not fraudulent, that complete diversity does not exist between these parties, and removal was therefore improper. It is therefore

**ORDERED** that Plaintiffs' Motion to Remand (Doc. 15) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 14, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party